# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANICE M. LEAMAN**, | ) | |
| | ) | CIVIL ACTION NO.  2:13-CV-00975 |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **GREGG B. WOLFE**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Conti, Chief District Judge for the Western District of Pennsylvania.

## I.       INTRODUCTION

Plaintiff Janice Leaman's ("Leaman") filed a motion for reconsideration or modification of this court's memorandum opinion and order dated February 9, 2017 (ECF No. 88).  Defendant Gregg Wolfe ("Wolfe") filed a response in opposition and plaintiff filed a reply brief.  The motion is ripe for disposition.

This case arises from the breach of a settlement agreement between two former business partners.  The case has a lengthy procedural history in the United States District Court for the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit which will not be repeated in full.  In a nonprecedential opinion dated October 6, 2015, the court of appeals remanded the case to the district court to calculate the damages and reasonable attorneys' fees to which Leaman is entitled.  On January 4, 2017, the case was reassigned to the undersigned judge pursuant to 28 U.S.C. § 292(b).  (ECF No. 80).

Cross-motions for summary judgment were filed after the remand (ECF Nos. 75, 76). The parties fully briefed the issues and submitted numerous documents in support of their respective positions, including a joint appendix ("J.A.," ECF Nos. 75-4 to 75-11). The parties presented vastly different proposals. Leaman contended that judgment for $81,029.89 should be entered in her favor. This amount consisted of: (1) interest of $10,523.97; and (2) attorney fees and costs of $70,505.92. Leaman also sought the opportunity to prove at trial "lost opportunity" damages of $230,000 and to recover the additional attorneys' fees she would incur in that endeavor. Defendant proposed that judgment for $641.78 be entered in favor of Leaman. This amount consisted of: (1) interest of $26.65; (2) attorney fees of $265.13; and (3) the $350 court filing fee. On February 9, 2017, the court granted Leaman's motion in part, denied Wolfe's motion, and entered judgment in favor of Leaman and against Wolfe for damages of interest in the amount of $10,523.97 and reasonable attorneys' fees of $28,349.35, for a total judgment of $38,873.32.

Leaman contends that the court's award was too low. Leaman argues that: (1) the caselaw cited by the court does not support a 50% reduction from the lodestar calculation of attorneys' fees; (2) the attorneys' fees were incurred as a result of activities required by the court; and (3) Leaman incurred additional attorneys' fees after October 2016 which were not presented to the court due to the aggressive briefing schedule imposed by a prior judge.

Wolfe contends that the court's award was too high. Wolfe filed an appeal to the Court of Appeals for the Third Circuit, in which he asserts that the court erred in calculating the damages resulting from his minimally late payment and awarded excessive attorneys' fees, and

that Leaman waived her right to accelerate payment.[1]  Wolfe also argues that many of the

additional counsel fees claimed by Leaman could have been submitted to the court and that

Leaman's failure to do so was due to carelessness.

## II.   LEGAL STANDARDS APPLICABLE TO MOTIONS FOR RECONSIDERATION

The purpose of a motion to reconsider is "to correct manifest errors of law or fact or to

present newly discovered evidence." *Bootay v. KBR, Inc*., 437 F. App'x 140, 146-47 (3d Cir.

2011) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). In order to be

successful on a motion for reconsideration, the movant must demonstrate a "definite and firm

conviction that a mistake has been committed," or that the court overlooked arguments that were

previously made. *United States v. Jasin*, 292 F. Supp.2d 670, 676 (E.D. Pa. 2003). There are

three circumstances in which a court may grant a motion for reconsideration: (1) there has been

an intervening change in the law; (2) new evidence is now available that was not available when

the court entered judgment; or (3) there is a need to correct a clear error of law or fact, or to

prevent manifest injustice. Fed. R. Civ. P. 59(e); *Allah v. Ricci*, 532 F. App'x 48, 51 (3d Cir.

2013) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)); *Max's Seafood Café v.*

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co*.,

52 F.3d 1194, 1218 (3d Cir. 1995)). By reason of the interest in finality, at least at the district

court level, motions for reconsideration should be sparingly granted. *See Rottmund v. Cont'l*

*Assurance Co*., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

---

[1] Wolfe did not file a motion for reconsideration.  The court, however, notes that the issue of
waiver was implicitly addressed in the February 9, 2017 memorandum opinion by the court
concluding that the acceleration clause was enforceable and Leaman was entitled to interest on
the unpaid balance.  The court will not comment on issues that have been presented to the court
of appeals.  If the court of appeals remands for clarification of the waiver issue, the court will
explicitly address that issue.

Motions for reconsideration are not designed to provide litigants with a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). A motion for reconsideration is not to be used to relitigate, or "rehash," issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made. *Williams v. City of Pittsburgh*, 32 F. Supp.2d 236, 238 (W.D. Pa. 1998); *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995); *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991). A motion for reconsideration is not to be used as a way to advance additional arguments that the litigant could have made, but chose not to make, sooner, or as an opportunity for a litigant, having lost, to change theories of the case and advance new, often contradictory, evidence in support. *Bell v. City of Phila.*, 275 F. App'x 157, 160 (3d Cir. 2008); *Spence v. City of Phila.*, 147 F. App'x 289, 291-92 (3d Cir. 2005); *Bhatnagar*, 52 F.3d at 1231; *Trenton v. Scott Paper Co.*, 832 F.2d 806, 810 (3d Cir. 1987); *Miller v. Court of Common Pleas of Erie Cnty.*, No. 12-206, 2014 WL 108585, at *2 (W.D. Pa. Jan. 10, 2014).

## III.   DISCUSSION

Leaman failed to identify a valid basis for reconsideration.  She essentially invites the court to rethink the decision and reasoning set forth in the February 9, 2017 memorandum opinion and order.  Leaman did not identify any intervening change in the law, but merely disputes the court's application of prior decisions.  The court will not revisit or reiterate its analysis and application of those decisions to the facts of this case.

The court disagrees with Leaman's assertion that she was more "successful" than the plaintiffs in those cases.  Leaman commenced this litigation by obtaining a confessed judgment of $390,350.00.  Ultimately, the confessed judgment was opened, Leaman was paid the

4

remaining balance of the debt owed by Wolfe, Leaman's claim for liquidated damages of $100,000 was defeated, her request for "lost opportunity" damages of $230,000 was rejected, and she was awarded damages of interest in the amount of $10,523.97, plus attorneys' fees.  By any measure, Leaman obtained a modest percentage of the relief she sought.

Leaman now argues that many of her counsel fees resulted from litigation activities that were required by the court.  The court is well aware that during litigation the court will require parties to undertake activities to resolve issues raised.  This court considered that situation in reaching its decision.  The court commented:  "Leaman's entitlement to counsel fees throughout the litigation is particularly appropriate in this case, in which she lost in the district court but prevailed (in part) on appeal."  Memorandum Opinion at 11-12.  In evaluating the reasonable amount of counsel fees, however, the court recognized that both sides achieved some success in the litigation.  Leaman's argument provides no basis for reconsideration of the court's decision.

Finally, Leaman contends that not all of her counsel fees were available for presentation in the summary judgment motion.  She submits a new claim for counsel fees of $11,380.00, expenses and costs incurred during the period from November 2016 to January 2017 of $613.28, as well as counsel fees of $2,450 for preparing the motion for reconsideration, for a total of $14,825.78.  As support, she submits attorney time records reflecting entries dating from November 3, 2016 through January 17, 2017.  Leaman contends that these records were "unavailable" to present in her summary judgment motion due to the court's expedited briefing schedule.  Leaman did not notify the court prior to its decision on February 9, 2017, that additional counsel fees had been incurred or attempt to supplement the record.  Instead, she forthrightly admits that she is making this request for additional counsel fees "[h]aving now been awarded only a portion of the fees she incurred."  (ECF No. 88-2 at 9).

In *COMSAT Corp. v. St. Paul Fire & Marine Insurance Co.*, 246 F.3d 1101, 1107 (8th Cir. 2001), the court held that where a party obtained evidence eighteen days before the court issued its ruling but took no action to ask for a continuance or to supplement the record until after judgment was entered, the court did not abuse its discretion by denying a motion for reconsideration so that the party could present that evidence. The court is persuaded by the reasoning in *COMSAT* and views Leaman's request as a classic attempt for a "second bite at the apple." In this case, the consideration of Leaman's additional counsel fees would not change the court's conclusion in any event. With respect to Leaman's request for counsel fees for preparing the motion for reconsideration, because that motion is unsuccessful, the court determines that no fees should be awarded. For the reasons set forth in the February 9, 2016 memorandum opinion and order, the court determined the reasonable amount of Leaman's counsel fees. The court adheres to that determination.

## V. CONCLUSION

For the reasons set forth above, Leaman's motion for reconsideration (ECF No. 88) will be DENIED.

An appropriate order will be entered.

Dated: March 27, 2017

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief Judge, U.S. District Court