# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANICE M. LEAMAN**, | ) |
| Plaintiff, | ) CIVIL ACTION NO. 2:13-CV-00975 |
| v. | ) |
| **GREGG B. WOLFE**, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Defendant Gregg Wolfe ("Wolfe") filed a motion for stay of execution on judgment for monetary damages pursuant to Federal Rule of Civil Procedure 62(d), pending disposition of the parties' cross-appeals (ECF No. 103). In particular, Wolfe asks the court to exercise its discretion to waive the posting of a supersedeas bond. Plaintiff Janice Leaman ("Leaman") filed a response in opposition and the motion is ripe for disposition.

This case arises from the breach of a settlement agreement between two former business partners. The case has a lengthy procedural history in the United States District Court for the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit that will not be repeated in full. On October 6, 2015, the court of appeals remanded the case to the district court to calculate the damages and reasonable attorneys' fees to which Leaman is entitled. On January 4, 2017, the case was reassigned to the undersigned judge pursuant to 28 U.S.C. § 292(b). (ECF No. 80). On February 9, 2017, the court entered judgment in favor of Leaman and against Wolfe for damages of interest in the amount of $10,523.97 and reasonable attorneys' fees of $28,349.35, for a total judgment of $38,873.32. Wolfe filed an appeal. Leaman filed a motion for reconsideration, which the court denied. Leaman then filed a cross-

appeal. On April 17, 2017, Leaman filed a praecipe for writ of execution on the judgment. On April 18, 2017, Wolfe filed this motion for stay of execution.

Federal Rule of Civil Procedure 62(d) is entitled "Stay with Bond on Appeal." The rule states: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." By its plain language, Rule 62(d) requires posting of a bond. Rule 62(e), by contrast, provides for a stay without bond during an appeal by the United States government.

Regardless of the text of Rule 62(d), courts have exercised discretion to authorize unsecured stays. *See Federal Prescription Serv., Inc. v. American Pharm. Ass'n*, 636 F.2d 755, 757–58 (D.C. Cir. 1980) ("Rule 62(d) only operates to provide that an appellant in all cases may obtain a stay as a matter of right by filing a supersedeas bond, and does not prohibit the district court from exercising a sound discretion to authorize unsecured stays in cases it considers appropriate."). Such discretion is rarely exercised. "[O]nly 'extraordinary circumstances' will support the provision of security other than a supersedeas bond." *United States on Behalf of Small Bus. Admin. v. Kurtz*, 528 F. Supp. 1113, 1115 (E.D. Pa. 1981). The party seeking an unsecured stay must make a specific showing of good cause, must demonstrate objectively that posting a full bond is impossible or impractical, and must propose a plan that will provide adequate (or as adequate as possible) security for the appellee. *Id*.

Wolfe failed to meet his burden. He provided no evidence that posting a full bond is impossible or impractical for him. He did not propose an alternative plan other than a bald request for waiver of the bond requirement. Wolfe submitted no evidence that this "plan" will provide adequate security to Leaman other than the unverified, unsupported assertion by counsel

2

that "Wolfe is financially sound." Statements made by attorneys in a brief are not evidence. *United States v. Genser*, 582 F.2d 292, 311 (3d Cir. 1978). In summary, Wolfe did not show the type of "extraordinary circumstances" that would warrant waiver of the supersedeas bond requirement in this case. *See Naughton v. Harmelech*, No. 09-CV-5450 (KM)(MAH), 2016 WL 7045712, at *2 (D.N.J. Dec. 1, 2016) (holding that appellants failed to demonstrate why this is an extraordinary case that warrants an unsecured stay). Wolfe will be entitled to a stay of execution as a matter of right if he posts a supersedeas bond of $38,873.32, the full amount of the judgment.

For the reasons set forth above, Wolfe's motion for stay of execution (ECF No. 103) is DENIED.

SO ORDERED this 27th day of April, 2017

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief Judge, U.S. District Court